FILED

2006 NOV 22  AM 8:54

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD MICHAEL MARELLA,<br><br>                       Plaintiff,<br>vs.<br><br>C.A. TERHUNE, Director of the California Department of Corrections, et al.,<br><br>                       Defendants. | CASE NO. 03CV660-BEN (AJB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES [Doc. No. 50]** |

Plaintiff Leonard Michael Marella ("Marella" or "Plaintiff"), a state prisoner proceeding *pro se*, has filed a Complaint under 42 U.S.C. § 1983. On Defendants' Motion, the Honorable Magistrate Judge Anthony J. Battaglia issued a Report and Recommendation ("Report"), finding Marella's case should be dismissed for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Marella objects to Judge Battaglia's finding. For the reasons discussed below, the Court **ADOPTS** Judge Battaglia's Report in full. Marella's Complaint is **DISMISSED** without prejudice.

## STANDARD OF REVIEW

The district court's role in reviewing Judge Battaglia's Report is set forth under 28 U.S.C. § 636(b)(1). Under Section 636, the Court "may accept, reject, or modify, in whole or in part, the

1 findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1)(C). Section 636 (b)(1)(C) further provides: "A judge of the [district] court shall make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Thus, the governing "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* **if objection is made**, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); see also id. ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.") (citation omitted)); Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ( "Of course, *de novo* review of a [Report] is only required when an objection is made to the [Report]." ) (citation omitted)).

"The [C]ourt may [also] assume the correctness of that portion of the proposed findings of fact to which no objection has been made . . . ." Coleman v. Wilson, 912 F. Supp. 1282, 1297 (E.D. Cal. 1995); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989) ("If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law.").

## DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"), inmate-plaintiffs must fully exhaust all administrative remedies before filing a Section 1983 action in federal court. See 42 U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002); Woodford v. Ngo, 126 S.Ct. 2378 (2006). The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner or the relief offered by the process. See Booth v. Churner, 532 U.S. 731, 741 (2001).

"The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford, 126 S.Ct. at 2387 (internal quotation and citation omitted). "The benefits of exhaustion can be realized

only if the prison grievance system is given a fair opportunity to consider the grievance." <u>Id.</u> at 2388.

Most recently, the Supreme Court has held that inmates must "properly" exhaust administrative remedies before filing suit in federal court. <u>Woodford</u>, 126 S.Ct. at 2387; <u>see</u> <u>also</u> <u>id.</u> at 2383 ("[P]roper exhaustion of administrative remedies is necessary."). In <u>Woodford</u>, a state prisoner brought a Section 1983 action against prison officials, challenging restrictions on his participation in special programs. <u>Id.</u> at 2383. The prisoner filed an administrative claim in an untimely manner and the claim was rejected for failure to file within 15 working days of the action being challenged. <u>Id.</u> at 2384. The prisoner appealed that decision internally without success and subsequently filed a federal action under 42 U.S.C. § 1983. <u>Id.</u> The district court dismissed the claim for failure to exhaust administrative remedies by not filing in a timely manner. <u>Id.</u>

On appeal the Ninth Circuit reversed; however, subsequently the Supreme Court agreed with the district court. <u>Id.</u> The Supreme Court explained that the rejection of an inmate's administrative claim for a procedural defect--even an incurable one such as untimeliness--does not exhaust administrative remedies. Specifically, the Court reasoned that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." <u>Id.</u> at 2386. Thus, the Court held, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." <u>Id.</u>[1]

Consequently, under <u>Woodford</u>, if a prisoner fails to timely exhaust administrative remedies, he has not properly exhausted, and the federal court may not hear the claim. The Supreme Court rejected the argument that the standard it adopted would be unduly harsh for prisoners, noting "the informality and relative simplicity of prison grievance systems" as well as

---

[1] According to the Court, exhaustion of administrative remedies is intended to serve two main purposes. <u>Woodford</u>, 126 S.Ct. at 2385. First, exhaustion provides an agency with the "opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." <u>Id.</u> (citations omitted). Second, "exhaustion promotes efficiency" because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." <u>Id.</u>

"the fact that prisoners who litigate in federal court generally proceed *pro se* and are forced to comply with numerous unforgiving deadlines and other procedural requirements." Id. at 2393.

"The bottom line is that a prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances. He may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that." Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006)

Here, based on the record[2], Judge Battaglia found that Marella's administrative claim was rejected as untimely because it was not filed within the 15 working days of the event of decision being appealed.[3] Then, pursuant to Woodford, Judge Battaglia concluded that the rejection of Marella's appeal as untimely meant that Marella had not "properly" exhausted his administrative remedies.

Marella does not object to Judge Battaglia's factual finding that his claim was rejected as untimely, or that he failed to timely present his administrative claim to the prison authorities. Rather, he contends his untimeliness should be excused, for example, because it followed "being severely stabbed and assaulted by two armed inmates" and "being medicated for pain due to the wounds received to the liver, and other body parts . . . ." (Objection at 4-5).

What circumstances, if any, warrant an exception when a plaintiff did not have an opportunity to file within the prescribed time constraints is not addressed by Woodford. In his concurrence, however, Justice Breyer stated that the PLRA's proper exhaustion requirement is not absolute, and certain facts may justify exceptions. Woodford, 126 S.Ct. at 2393 (BRYER,

---

[2] "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003) (citation omitted).

[3] The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal.Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). Although appeals coordinators have the discretion to accept untimely appeals, tit. 15, § 3084.3(c), they are not required to do so and did not do so in this instance, instead choosing to reject Marella's appeal as untimely.

concurring). Justice Alito writing for the majority did not address Justice Breyer's comment in concurrence that "on remand, the lower court should . . . consider any challenges that petitioner may have concerning whether his case falls into a traditional exception that the statute implicitly incorporates." 126 S.Ct. at 2393 (Breyer, J. concurring). Nor did Justice Alito comment on Justice Breyer's suggestion that "[a]dministrative law . . . contains well established exceptions to exhaustion," id., such as constitutional claims, futility, hardship, and inadequate or unavailable administrative remedies.

Justice Breyer's concurrence must, in any event, be considered in light of other Supreme Court cases which have consistently found no exceptions to the PLRA's exhaustion requirement. After the passage of the PLRA, the Supreme Court regularly overruled efforts to create exceptions. In Booth v. Churner, 532 U.S. 731 (2001), the Court held that an inmate will not be excused from exhausting his administrative remedies even though the administrative process could not award him the monetary relief he sought. This overruled an exception recognized by the Fifth Circuit in Whitley v. Hunt, 158 F.3d 882 (5th Cir.1998). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court overruled an exception created by the Second Circuit that the exhaustion requirement did not apply to assault or excessive use of force claims.

Even assuming, without deciding, that an exception applied to the PLRA's exhaustion requirement, Marella's Complaint is still subject to dismissal. As previously noted in fn. 3, for California state prisoners, such as Marella, to exhaust administrative remedies, they must proceed through several levels of appeal: 1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal.1997) (citing Cal.Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement. Id. at 1237-38. Here, it is undisputed that Marella did not proceed beyond the second level of review. Accordingly, in addition to his untimeliness, Marella has not properly exhausted his administrative remedies as he has not fully exhausted those remedies.

With respect to other processes, Marella's submission of his complaint to the Victim

1  Compensation and Government Claims Board does not satisfy the exhaustion requirement. The
2  inmate appeals process at the prison is the administrative process provided for grieving prison
3  conditions and it is this process which must be utilized in order to satisfy the exhaustion
4  requirement. See Rumbles v. Hill, 182 F.3d 1064, 1069 (9th Cir.1999) (compliance with the
5  California's Tort Claims Act does not satisfy the exhaustion requirement set forth in 42 U.S.C. §
6  1997e(a)) ( overruled in part by Booth v. Churner, 532 U.S. 731 (2001)).

## CONCLUSION

For the reasons set forth above, the Court **ADOPTS** Judge Battaglia Report and Recommendation. Marella has not properly or fully exhausted his administrative remedies. Marella's Complaint is **DISMISSED** without prejudice. Marella may re-file his action once he has fully and properly exhausted his administrative remedies.

**SO ORDERED.**

DATED: 11/21/06

ROGER T. BENITEZ
United States District Judge

cc: All parties and respective counsel